UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN FERNANDO GOMEZ RAZO,

Petitioner,

v.

TONYA ANDREWS,

Respondents.

No. 1:26-cv-05138-DAD-AC

ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AS MOOT

(Doc. Nos. 1, 2, 3, 4, 8)

On July 6, 2026, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order (Doc. No. 2), motion to proceed *in forma pauperis* (Doc. No. 3), and motion to appoint counsel (Doc. No. 4). On July 9, 2026, respondents filed a motion to dismiss or transfer the *habeas* petition. (Doc. No. 8.) Therein, respondents represent that petitioner filed a *habeas* petition while detained at the Nevada Southern Detention Center on or about March 30, 2026. (*Id.* at 1.) Petitioner's previously filed *habeas* petition is titled *Juan Gomez Razo v. Todd Blanche et al.*, 2:26-cv-00969-JAD-DJA (D. Nev. filed on March 30, 2026). Petitioner was transferred outside of that district, but the district court in Nevada determined that it retained jurisdiction. (*Id.*)

/////

Respondents argue that the petition filed in this case should therefore be dismissed, or in the alternative transferred to the District of Nevada. (*Id.* at 2–4.)

On July 27, 2026, the United States District Court for the District of Nevada granted petitioner's amended *habeas* petition, ordered his release within four days of the date of that order, and enjoined his re-detention unless he is provided a pre-deprivation, individualized bond hearing under § 1226(a). *Razo v. Blanche*, No. 2:26-cv-00969-JAD-DJA, 2026 WL 2163538, at *5 (D. Nev. July 27, 2026). Here, petitioner seeks his immediate release and an injunction providing additional process prior to his re-detention. (Doc. No. 1 at 32.) These requests have been mooted by the July 27, 2026 order of the district court in Nevada. *See Kittel v. Thomas*, 620 F.3d 949, 951–52 (9th Cir. 2010) (holding that the *habeas* petition was properly dismissed as moot where the legal dispute raised in the petition was conclusively resolved).

For the reasons explained above,

1. Respondents' motion to dismiss (Doc. No. 8) is GRANTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED as having been rendered moot;
3. Petitioner's motion for temporary restraining order (Doc. No. 2), motion to proceed *in forma pauperis* (Doc. No. 3), and motion to appoint counsel (Doc. No. 4) are DENIED as also having been rendered moot; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE